UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MARIE S. GOMEZ,

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls and sent letters into this District.

## PARTIES

3. Plaintiff, MARIE S. GOMEZ, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, FIRSTSOURCE ADVANTAGE, LLC, is a limited liability company formed under the laws of the State of New York and citizen of the State of New York with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant sends tens of thousands of letters and makes tens of thousands of telephone calls annually in an effort to collect defaulted consumer debts due to its clients.

8. Consumer debt collection is the source of the majority of Defendant's income.

9. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

## FACTUAL ALLEGATIONS

10. Due to loss of employment triggered by the COVID-19 pandemic, Plaintiff was unable to maintain payments on her credit card issued by Bank of America, N. A.

11. Plaintiff used the credit card primarily to make purchases of food, clothing and other household necessities for herself and her minor child.

12. Her account went into default with Bank of America, N. A.

13. Thereafter, Bank of America, N. A. retained Defendant for the purpose of collecting the alleged debt.

14. On or about April 22, 2021, Plaintiff contacted Defendant by telephone to see what she could do to manage the debt.

15. Plaintiff spoke with Defendant's representative, John Lynch (phonetic spelling).

16. After providing her financial information including her sole source of income, unemployment benefits, the representative said there were two ways she could satisfy the debt: one, she could pay $800 per month for four months for a total of $3,200 or two, she could pay $250 per month plus an immediate down payment of $342 for a total of $3,092.

17. She chose the second option and provided her bank account information to the representative for an immediate withdrawal of the $342 down payment, which Defendant successfully withdrew from her account that day or the following day.

18. The representative requested she contemporaneously authorize subsequent monthly withdrawals for the remaining monthly payments. Plaintiff declined to make a blanket authorization of all future payments. The representative said Defendant would call Plaintiff shortly before the end of each month to authorize the subsequent payments.

19. Thereafter Plaintiff received a letter from Defendant dated April 23, 2021 regarding the terms of the payment arrangement, attached as Exhibit "A", ("the letter").

20. In Plaintiff's view, the letter misrepresents the terms of the payment arrangement in that it is silent as to the remaining monthly payments and appears to merely acknowledge a single payment in contradiction to Plaintiff's understanding of the

telephone call in which she made an arrangement for complete satisfaction of the alleged debt via a set schedule of monthly payments.

21. Alternatively, if the letter truly does represent the terms of the payment arrangement, then Defendant misrepresented the terms of the payment arrangement in the telephone call in which Plaintiff sought to establish a payment plan to cover the debt via a set schedule of monthly payments.

22. The letter states the total amount due is $3,092.10. Prior letters Defendant sent to Plaintiff in February and March 2021 allege the precise same amount.

23. Accordingly, Plaintiff alleges the Bank of America, N. A. had stopped adding interest to the debt when it was placed with Defendant for collection and did not authorize the collection of any amount in excess of $3,092.10.

24. The first payment arrangement of $800 per month for four months that Defendant offered Plaintiff in the April telephone call exceeded the amount of the alleged debt.

25. Defendant sought to collect an amount in excess of the amount actually due or alternatively sought to collect interest or other charges its client Bank of America, N. A. had not authorized Defendant to collect and was not seeking.

26. After making the payment arrangement on April 22, 2021, Defendant repetitively telephoned Plaintiff in an effort to secure her authorization for an additional withdrawals from her bank account.

27. In these calls, Defendant failed to disclose its status as a debt collector.

28. Defendant left the following messages on Plaintiff's cellular telephone voicemail on or about the dates stated:

**APRIL 28, 2021 At 5:37 PM – Human Caller**
Hi, this is John Lynch calling from Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**APRIL 30, 2021 At 9:18 AM – Human Caller**
Hi, this is John Lynch calling from Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 3, 2021 At 9:50 AM – Human Caller**
Hi, this is John Lynch calling from Firstsource Advantage, LLC. Please contact me or any representative at 866-729-5776.

**MAY 7, 2021 At 9:16 AM – Human Caller**
Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 8, 2021 At 10:08 AM – Human Caller**
Hi, this is John Lynch calling from Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 14, 2021 At 1:57 PM**
Indiscernible. Background noise.

**MAY 17, 2021 At 10:13 AM – Human Caller**
Hi, this is John Lynch with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 21, 2021 At 10:01 AM – Human Caller**
Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 24, 2021 At 11:47 AM – Human Caller**
Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

**MAY 27, 2021 At 10:52 AM – Human Caller**

Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

### JUNE 1, 2021 At 8:10 AM – Human Caller
You doing. Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

### JUNE 18, 2021 At 1:53 PM
Indiscernible message.

### JUNE 23, 2021 At 10:47 AM  - Human Caller
Hi, this is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

### JUNE 28, 2021 At 10:37 AM – Human Caller
This is John Lynch calling with Firstsource Advantage, LLC. Please contact me or any of our representatives at 866-729-5776.

## COUNT I
## ATTEMPTING TO COLLECT AMOUNTS IN EXCESS OF WHAT IS DUE

29.   Plaintiff incorporates paragraphs 1 through 28.

30.   Defendant sought to collect more than was due to Bank of America, N. A. when it sought $800 per month for four months i. e. $3,200 in the April 22, 2021 telephone call, or alternatively sought to collect interest of other charges Bank of America, N. A. had not authorized Defendant to collect and was not seeking and was not authorized by the agreement giving rise to the alleged debt in violation of 15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.   Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE REPRESENTATION OF THE AMOUNT OF THE DEBT

31.    Plaintiff incorporates paragraphs 1 through 28.

32.    Defendant falsely represented the amount of the debt as $800 per month for four months i. e. $3,200 in the April 22, 2021 telephone call in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE STATEMENTS REGARDING THE TERMS OF THE PAYMENT ARRANGEMENT

33.    Plaintiff incorporates paragraphs 1 through 28.

34.    Defendant falsely represented in the April 22, 2021 telephone call that the $342 down payment plus 11 monthly payments thereafter was the complete payment arrangement or, in the alternative, Defendant's letter of April 23, 2021 falsely represented that only a single payment was agreed upon in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

35.    Plaintiff incorporates paragraphs 1 through 28.

36.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT V
## TELEPHONIC HARASSMENT AND MAKING OF EXCESSIVE TELEPHONE CALLS TO PLAINTIFF

37.    Plaintiff incorporates paragraphs 1 through 28.

38.    Defendant made excessive and harassing telephone calls to Plaintiff in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>don@donyarbrough.com
>
>By: s/ Donald A. Yarbrough
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658